UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                      |   |                                  |
|--------------------------------------|---|----------------------------------|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 812, *et al.*, | ) ) ) ) | |
| Plaintiffs,                          | ) ) | |
| v.                                   | ) ) | Civil Action No. 09-1191 (ESH)   |
| BROADCASTING BOARD OF GOVERNORS,     | ) ) ) | |
| Defendant.                           | ) ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on renewed cross-motions for summary judgment brought by defendant Broadcasting Board of Governors and plaintiff Verla Wiley, proceeding *pro se*, on plaintiffs' claims under the Freedom of Information Act. The Court previously granted defendant's motion in part and denied both plaintiffs' cross-motions in part but ordered defendant to file supplementary declarations. *See* May 18, 2010 Order at 1-2; *see also Am. Fed. of Gov't Employees, Local 812 v. Broad. Bd. of Gov'rs* ("*AFGE*"), No. 09-CV-1191, 2010 WL 1976747 (D.D.C. May 18, 2010). After defendant filed numerous declarations and renewed its summary judgment motion, Wiley opposed defendant's motion and renewed her own summary judgment motion. Having reviewed the filings by defendant and Wiley, the Court will grant defendant's renewed motion except as to the declaration by Carol Durika, and it will deny Wiley's renewed cross-motion in all other respects.

First, the additional declaration by Michael Lawrence complies with the Court's instruction that defendant file "a declaration stating that it has correctly searched [Lawrence's]

1

email account . . . (including sent mail) for the search terms identified in his [previously submitted] declaration . . . ." *AFGE*, 2010 WL 1976747, at *14. (*See* Def.'s Renewed Mot. for Summ. J. ("Def.'s 2nd SJ Mot."), Ex. C.) Lawrence states that his initial email search took place via remote network access while he was overseas, and that he found no responsive documents at that time. (*Id.* ¶ 3.) However, in response to the Court's May 18 Order, he again searched his email directly from his office computer on May 25, and this search produced several responsive documents which have been produced to Wiley in redacted form. (*Id.* ¶ 4; Def.'s 2nd SJ Mot. at 2 n.2; *see id.*, Ex. M.) This declaration resolves the Court's prior concern "about 'the sufficiency of the agency's identification or retrieval procedure' with respect to [his] files." *AFGE*, 2010 WL 1976747, at *14 (quoting *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 370 (D.C. Cir. 1980)).

Second, six declarations by Angela Puryear, Timi Kenealy, Maryellen Righi, Donna Grace, Kataryna Lyson (formerly Kataryna Baldwin), and Paul Kollmer-Dorsey comply with the Court's instruction that defendant file declarations stating that it has "searched the paper files of [agency officials] Baldwin, [Carol] Booker, Grace, Kenealy, [George] Moore, and Righi . . . ." *AFGE*, 2010 WL 1976747, at *14. In response to the Court's May 18 Order, Righi, Grace, and Lyson searched their own paper files and Puryear searched those of George Moore; responsive documents were found only among Moore's paper files.[1] (*See* Def.'s 2nd SJ Mot., Exs. B, E-G.) In addition, the declarations of Kenealy and Kollmer-Dorsey clarify that the paper files of Kenealy and Booker had already been reviewed during defendant's initial search, and no responsive documents were found. (*See id.*, Exs. D & H.) These six declarations sufficiently

---

[1] Some of the responsive documents found in Moore's files are duplicative of those previously located and disclosed. (*See* Def.'s 2nd SJ Mot. at 2 n.1.) Other responsive documents were not produced because they were issued by another government office. (*See id.*) Wiley does not dispute the non-production of these particular documents.

2

address the Court's prior concern that defendant's initial declarations stated only that it had searched the "electronic files" of Baldwin, Booker, Grace, Kenealy, Moore, and Righi. *AFGE*, 2010 WL 1976747, at *14.

Third, declarations by Royster Martin, Piero Ciancio, and Mark Filipek satisfy the Court's instruction that defendant file declarations stating that it has "searched the records of the Building Security Council (or those of its members) for documents responsive to the FOIA request." *AFGE*, 2010 WL 1976747, at *14. These three declarants searched the records of the Department of Homeland Security's Federal Protective Service pertaining to defendant's building, as well as the computer and paper files of defendant's last Safety Officer, who retired in 2008. (*See* Def.'s 2nd SJ Mot., Exs. I-K.) No responsive documents were found related to the Building Security Council or the decision to restrict unescorted retiree access to defendant's building. (*See id.*) These three declarations sufficiently address the Court's earlier concern that "there [was] no evidence that those records were ever searched" during defendant's initial search. *AFGE*, 2010 WL 1976747, at *14.

Fourth, the Court originally denied summary judgment with respect to the email of former agency official George Moore because no signature appeared on the December 11, 2009 declaration submitted by Carol Durika, an agency information technology specialist, about the unavailability of Moore's email. *See AFGE*, 2010 WL 1976747, at *8, *14. The Court concluded that "Durika's declaration, if signed, would be sufficient to establish that Moore's email was not available for review." *Id.* Defendant has now submitted a signed version of Durika's declaration. However, Wiley requests that defendant certify the signature on the document because the signed declaration continues to state that the declaration was executed on December 11, 2009, and yet it is formatted and paginated differently from the unsigned version

3

that accompanied defendant's original motion for summary judgment. (*See* Wiley's Request for Certification of Carol Durika Decl. at 1-2.) Wiley correctly contends that "[i]f the declaration was retyped (using the exact language) for Durika's signature" in response to the Court's prior ruling, "the date upon which the declaration was executed should be the official date shown on the newly submitted declaration." (*Id.* at 2.) Defendant's motion for summary judgment is therefore denied as to the adequacy of its search of Moore's email.

Wiley also raises a number of other issues in response to defendant's submissions. However, many of these issues are not properly before the Court. The Court's prior order granted defendant's motion in all respects except for the four issues discussed above, each of which pertained only to the adequacy of the agency's search. *See* May 18, 2010 Order at 1-2. Thus, Wiley cannot repeat arguments on issues that have already been resolved in defendant's favor, such as the propriety of its invocation of certain FOIA exemptions. (*See* Wiley's Renewed Mot. for Summ. J. at 15-19.) Moreover, to the extent that her renewed motion for summary judgment is also a motion for "reconsideration" of the Court's prior ruling (*see id.* at 4), Wiley has failed to meet her burden under both the standard for reconsideration of final orders and the standard for reconsideration of interlocutory orders. *See* Fed. R. Civ. P. 60(b) (permitting motions for relief from "[f]inal" judgments and orders on grounds of (1) mistake or excusable neglect, (2) newly discovered evidence, (3) fraud, (4) void judgment, (5) satisfied or invalid judgment, or (6) other reasons "justif[ying] relief"); *Sieverding v. Am. Bar Ass'n*, 466 F. Supp. 2d 224, 227 (D.D.C. 2006) (discussing Rule 60(b) standard); *see also Rogers v. Mabus*, 699 F. Supp. 2d 73, 76 (D.D.C. 2010) (discussing "as justice requires" standard for reconsideration of interlocutory decision).

## CONCLUSION

For the foregoing reasons, defendant's renewed motion for summary judgment is granted in all respects except for the adequacy of its search of George Moore's email; the parties' cross-motions motion are held in abeyance as to this issue, but Wiley's renewed motion for summary judgment is denied in all other respects. On or before August 30, 2010, defendant must file either (1) a representation by counsel that the signed version of Carol Durika's declaration was in fact executed on the date listed on the document, December 11, 2009, or (2) a declaration signed by Durika that lists the actual date of the signing of the document. Upon such a filing, the Court shall enter summary judgment on behalf of defendant.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: August 19, 2010